**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**WHITTENBURG & ALSTON, Appellee.**

**No. 14260.**

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1964.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, Hardy, Galindo & Sharpe, Brownsville, for appellant.

North, Blackmon & White, Corpus Christi, for appellee.

BARROW, Justice.

This is an appeal by Missouri Pacific Railroad Company, carrier, from a judgment favorable to Whittenburg & Alston, shipper, rendered after a jury trial in a suit for damages to two shipments of cantaloupes in interstate commerce.

The special issues submitted to the jury as to each count were identical, except for car numbers and destinations, and the jury verdict is substantially set out below.[1] Carrier presents two points: 1. Judgment should have been entered for it on Count I under the jury findings on Issues 3–5. 2. The trial court erred in not declaring a mistrial as to Count II, because of the jury's failure to answer Issues 4 and 5.

Carrier asserts that this appeal involves only one fundamental question: "What must a carrier of perishables establish to constitute a defense to a claim for damage from spoilage of perishables?" It is urged that an answer favorable to carrier on Issue 4 established a defense by showing that the spoilage damage was not in any part caused by a failure of the carrier to comply with the instructions of the shipper or a failure to provide complete protection against all other damage except that resulting from one of the excepted causes.

■ This question is answered by the United States Supreme Court in Missouri Pacific Railroad Company v. Elmore & Stahl, 84 S.Ct. 1142 (1964), wherein it was said: "Accordingly, under federal law, in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon, the burden of proof is upon the carrier to show both its freedom from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." (a. The act of God; b. the public enemy; c. the act of the shipper himself; d. public authority; e. or the inherent vice or the nature of the goods.)

■ Appellant concedes that the shipper established a prima facie case on both counts. The carrier failed to discharge its burden of securing a jury finding on either

1. COUNT I.
"Issue No. 1. The cantaloupes were in good condition at origin.
"Issue No. 2. At destination, they were in a worse condition than when delivered to the carrier at origin.
"Issue No. 3. The defendant and its connecting carriers performed without negligence the transportation services as provided by the terms and conditions of the bill of lading and as instructed by the shipper and in a reasonably prudent manner as to matters not covered by the bill of lading or shipper's instructions.
"Issue No. 4. The arrival of. the cantaloupes in a worsened condition than when received by the carrier at origin was not in any part caused by the failure of the carrier to comply with the instructions of the shipper and to furnish proper protective care.
" 'Proper protective care,' as defined, is the 'carrying out by the carrier of the orders given by the shipper regarding the transportation and care of the commodity; and the providing of complete protection against all other damage except that resulting from (1) the carrying out of the order of the shipper without negligence; (2) an inherent vice or defect in the commodity itself; (3) an act of God, the public enemy, or the authority

of law; and (4) natural shrinkage.'
"Issue No. 5. The arrival at destination of the cantaloupes in a worsened condition was not in any part caused by the failure of the carrier to transport and care for them in a reasonably prudent manner as to all matters not covered by the shipper's instructions and the bill of lading. :
"Issue No. 6. The worsened condition on delivery at destination was not due solely to an inherent vice existing at the time the cantaloupes were received by the carrier at origin.
"Issue No. 7. The worsened condition of the cantaloupes at destination than when received at origin was not caused solely by the carrying out, without negligence, of the specific instructions for handling the shipment given by the shipper to the carrier."
Issues Nos. 8 and 9 relate to the amount of damages.
COUNT II.
The jury verdict is the same as above, except:
"Issue No. 3. The carrier did not perform without negligence."
The jury was unable to agree on the answer to Issues Nos. 4 and 5, and the verdict was returned with these issues unanswered.

count that the damaged condition of the cantaloupes was due solely to one of the excepted causes. A favorable answer to Issue 4 does not discharge this burden. Therefore, the trial court properly rendered judgment for shipper on both counts.

The judgment is affirmed.

